Submitted on record and brief September 1, affirmed November 8, 2000

James R. DIERKING,
*Petitioner,*

*v.*

CLACKAMAS COUNTY,
SBA Towers, Inc.,
and Sprint Spectrum, L.P.,
*Respondents.*

(LUBA No. 99-174; CA A110718)

13 P3d 1018

James R. Dierking filed the brief *pro se*.

Steven P. Hultberg waived appearance for respondent SBA Towers, Inc.

No appearance for respondents Clackamas County and Sprint Spectrum, L.P.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioner seeks review of LUBA's decision remanding Clackamas County's approval of the private respondents' (respondents) application to install a 250-foot high transmission tower in an exclusive farm use (EFU) zone. Petitioner was the appellant before LUBA and assigns error to LUBA's rejection of some of his contentions in opposition to the county's decision. We affirm.

Respondents applied to the county for a permit to install a 199-foot cellular transmission tower in an EFU zone. Under ORS 215.283(1)(d), the permissible nonfarm uses in EFU zones include

> "[u]tility facilities necessary for public service, except * * * transmission towers over 200 feet in height."

However, under ORS 215.283(2)(L), "transmission towers over 200 feet in height" are conditionally permissible in the zone.[1]

After a county planning employee suggested that a tower of less than 200 feet would be subject to the "necessary for public service" requirement (necessity test) in subsection (1)(d), but a tower of greater height would face no similar impediment under subsection (2)(L), respondents revised their application to seek permission for a 250-foot high tower. Applying subsection (2)(L) and various other state and local provisions, but not applying subsection (1)(d) or its necessity test, the county approved the application.

Petitioner contended to LUBA that both subsections (1)(d) and (2)(L) were applicable to the application for the 250-foot tower and that the county erred by applying only the latter provision. Petitioner made two separate points to LUBA in that connection. First, he argued, the necessity test of subsection (1)(d) applies to all towers, and subsection (2)(L) presupposes that the 200-plus-foot towers that it allows have passed the necessity test that subsection (1)(d) requires for

---

[1] The relevant events in this case predate the effective date of ORS 215.275, which was enacted in 1999 to deal in detail with the general issue discussed here. All references to ORS 215.283 in this opinion are to the 1997 version.

towers of lesser height. The second point was that certain "equipment cabinets" were included as part of the proposed tower and, whether or not the tower itself was subject to subsection (1)(d), the cabinets were; therefore, they could be located in the EFU zone only if *they* were necessary to furnish the utility service.

■    LUBA rejected both points, and petitioner now repeats them to us. There is a first blush logic to petitioner's first point, *i.e.*, if a tower less than 200 feet *is* subject to the necessity test, a tower of greater size seemingly should be too, and the subsection of the same statute that pertains to the higher towers should be construed as implicitly embodying the test that the subsection relating to the shorter ones establishes.

However, the first blush tenability of the argument disappears on analysis. ORS 215.283(2)(L) contains no language relating to necessity like that in ORS 215.283(1)(d). Subsection (2)(L) expressly applies to towers of more than 200 feet, and towers of that height are expressly excepted from the operation of subsection (1)(d). Any effort to import the necessity test of subsection (1)(d) into subsection (2)(L), and thereby make it applicable to the taller towers, would initially run afoul of the rule in ORS 174.010 that the judiciary may not "insert what has been omitted" in construing a statute.

Insofar as petitioner's argument posits that it is anomalous for the shorter towers to be subject to a statutory test of necessity and the higher ones to be subject to no statutory test at all, we again disagree.[2] As construed in *Brentmar v. Jackson County*, 321 Or 481, 900 P2d 1030 (1995), the uses enumerated in ORS 215.283(1) are permissible "as of right," at least in that they are not subject to *county* regulations that go beyond the limitations in the statute itself; conversely, the uses listed in ORS 215.283(2) are only conditionally permissible and may be subjected to county regulations that are more restrictive than the statute itself is.

---

[2] Although not an issue here, it merits passing note that the subsection (2) uses are subject to certain additional tests under ORS 215.296, while the subsection (1) uses are not.

Viewed in the interpretive context of *Brentmar*, the statute no longer suffers from the seeming anomaly of regulating the lesser more than the greater. Towers of less than 200 feet, as a subsection (1) use, are subject *only* to the necessity test that the statute prescribes for utility facilities; however, towers of greater height, as a subsection (2) use, can be subject to any appropriate restrictions or conditions that a particular county sees fit to prescribe for them. The fact that Clackamas County apparently has not established *any* restrictions on the permissibility of the higher towers in farm zones does not make the regulatory *scheme* of the *statute* anomalous, nor does it allow us to interpret the statute in a manner that might avoid our own perception of an operational anomaly but that is contrary to the statutory text and context.

Finally, petitioner's argument seems also to posit that, as a matter of common sense, subsection (2)(L) simply takes over where subsection (1)(d) leaves off, *i.e.*, to be permitted under the former, a tower must simply be a taller version of one that qualifies in other respects with the requirements of the latter. However, it is easy to be fooled by common sense. As LUBA's opinion capably describes, what are now subsections (1)(d) and (2)(L) of ORS 215.283 were not related in their origins and purpose in the way that petitioner assumes. The earliest land use statute dealing with transmission towers, now codified as ORS 215.438, authorizes counties to "allow a transmission tower over 200 feet in height * * * in any zone[.]" As of the time that statute was enacted, there was nothing in ORS 215.283 pertaining specifically to transmission towers. When the present form of subsections (1)(d) and (2)(L) were later enacted, in LUBA's words, they "apparently [were] adopted to make the statutory EFU zone provisions consistent with ORS 215.438." Petitioner offers and we find nothing to substantiate his view that the two subsections serve as a hierarchal and integrated scheme for the regulation of towers in EFU zones, or that the necessity test of subsection (1)(d) was intended to be implicit in subsection (2)(L). We hold that the county did not err by granting the application without applying the necessity test to the tower.

■  Petitioner also argues, however, that the attached equipment cabinets are independently subject to subsection (1)(d) and its necessity test, regardless of whether the tower itself is. LUBA disagreed, reasoning that the equipment in the cabinets was "essential to the facility" and that:

> "Without the tower, the equipment has no independent utility. The equipment, therefore, is an intrinsic and essential part of a 'transmission' tower."

We agree with LUBA's conclusion, as applied to the facts in this case. Specifically, we disagree with petitioner's argument, insofar as it rests on the premise that related equipment can never be included as an adjunct of a transmission tower for purposes of ORS 215.283(1)(d) and ORS 215.283(2)(L). Insofar as petitioner's argument is particular to the facts of this case and contains a veiled invitation to us to retry the facts, we lack the authority to do so.[3]

■  Petitioner makes two other assignments of error, neither of which requires discussion.

Affirmed.

---

[3] We do not understand petitioner to be taking issue with the adequacy of, or the sufficiency of the evidentiary support for, any county findings.